IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                    CASE NO. 1:06-cr-35-MP-GRJ

BRUCE DAVID ADAMS

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 440, a motion to vacate pursuant to 28 U.S.C. § 2255. The motion stems from Defendant's jury-trial conviction of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C § 841(a)(1), (b)(1)(A)(ii) (Count I), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C § 924(c)(1)(A) (Count II). The Court sentenced Defendant to 211 months imprisonment on Count I, and 60 months imprisonment on Count II, to run consecutively, as required by statute. In the instant motion, Defendant contends that he was denied his Sixth Amendment right to the effective assistance of counsel. The Government has filed a response in opposition to the motion, Doc. 453, and Defendant filed a reply, Doc. 456. For the following reasons, the undersigned recommends that the motion to vacate be denied.

### Background

Defendant, Betty Jo Rains, and Edward Hilgendorf were charged with a cocaine trafficking conspiracy spanning from "at least by January 1, 2003, through in or about September 2006," and Defendant and Rains were charged with possession of firearms in furtherance of the drug trafficking crime "on or about August 29, 2006." Doc. 123

(superceding indictment).  A jury found Defendant guilty of both counts.  Defendant's conviction and sentence were affirmed on appeal, and the relevant facts underlying the case are summarized in the Eleventh Circuit's unpublished opinion.  Doc. 324.

Defendant was the president of a motorcycle gang known as the Hell's Lovers. A confidential informant (CI) testified that he went to the Hell's Lovers' "clubhouse" with a third party to purchase cocaine. The clubhouse was located inside Defendant's business.  The CI purchased cocaine from Defendant on several occasions, in quantities ranging "from an ounce up to a pound to a kilo[gram]."  *Id*. at 2.

Investigators also made controlled cocaine purchases from Defendant's codefendant and girlfriend, Betty Jo Rains.  Officers executed a search warrant at the home that Rains shared with Defendant, uncovering 122.3 grams of cocaine, $24,716 in cash, 11 firearms, baggies, and digital scales.   Rains informed investigators that Juan Baez supplied her with cocaine for several years, and she agreed to set up a controlled purchase of cocaine from Baez.  Baez was intercepted en route to the controlled purchase with 600 grams of cocaine in his possession. Rains testified that she had worked with Defendant and others in purchasing cocaine from Baez, and she also "fronted" Defendant cocaine to sell.  Baez testified that Defendant accompanied Rains when she purchased cocaine from Baez, and that Defendant "counted the money and handled the cocaine." Baez estimated that he sold at least 15 kilograms of cocaine to Rains and Defendant in the two years prior to their arrests.  *Id*. at 3.

Among the items seized during the execution of the search warrant was a fanny pack containing Defendant's Kel-tec .380 caliber pistol, a magazine loaded with ammunition, a digital scale, baggies, and 4.4 grams of cocaine.  The trial evidence

established that Defendant wore the same fanny pack during controlled buys.  Doc. 189 at 82-84; Exhs. 14, 16, 18.  Rains testified that Defendant sometimes carried a gun in his briefcase when selling cocaine.  *Id.* at 119.

Defendant's PSR included enhancements for threatening to kill two police officers and for making 300 calls to Rains from jail regarding her testimony.  The probation officer determined the applicable Guidelines range was 188-235 months imprisonment. Defendant's statutory range of imprisonment on Count 1 was 10 years to life.  Doc. 324 at 5.

The Court accepted the Guidelines calculations and concluded that "the evidence clearly shows that Defendant was fully aware of the members of the conspiracy and their roles in it, his role in it, [and] the amount of drugs involved in the conspiracy."  *Id*.  The Court determined that the 211-month sentence for Count I was the "midway of the guideline range" and "appropriate under the circumstances."  *Id*. at 6.  The court sentenced Defendant to the 60-month consecutive sentence on Count 2, and stated that "[in] reaching the sentence I have considered all of the guidelines and policy statements under 18 U.S. Code 3553(a)."  *Id*.

On appeal, Defendant claimed prosecutorial misconduct stemming from the Government's reference to the Hell's Lovers as a "gang," and other remarks. Defendant also argued that his sentence was unreasonable because the Court did not state a reason for imposing a sentence in the middle of the Guidelines range.  He argued that the Court did not specifically address each of the statutory sentencing factors and did not find that the sentence was sufficient, but not greater than necessary, as required by the statute.  *Id*. at 6-11.

The Eleventh Circuit rejected these claims. With respect to the sentencing claim, the Court concluded:

> "[Defendant] has failed to persuade us that his sentence was procedurally unreasonable . . . the court stated that 'the evidence clearly shows that Defendant was fully aware of the members of the conspiracy and their roles in it, his role in it, [and] the amount of drugs involved in the conspiracy.' Moreover, [Defendant] was found with several firearms and had been involved in a criminal conspiracy for some time involving over 15 kilograms of cocaine. The court expressly stated that it had considered the information in the PSI, the guidelines, and the § 3553(a) factors, and it concluded that a sentence in the middle of the Guidelines range was appropriate. We cannot say that a sentence in the middle of the Guidelines range is procedurally unreasonable in this case.

*Id*. at 11.

In the instant motion to vacate, Defendant asserts two ineffective-assistance claims. First, Defendant contends that his trial counsel, FPD Thomas Miller, was ineffective for failing to request a limiting instruction and/or a unanimity instruction regarding the jury's finding as to the date that Defendant possessed firearms as charged in Count II. Defendant contends that counsel should have requested an instruction because the Government presented evidence "that on a separate occasion sometime before 29 August 2006 [Defendant] carried the same Kel-Tec .380 pistol in his briefcase in furtherance of the conspiracy." Defendant contends that the jury should have been instructed that Count II was limited to whether Defendant possessed eleven firearms on August 29, 2006. He contends that the jury also should have been instructed that they must be unanimous as to whether Defendant possessed eleven firearms on that date. Doc. 440. Defendant contends that his appellate counsel was ineffective for failing to raise this issue on appeal. For his second claim, Defendant contends that his trial counsel was ineffective for failing to object that the court did not

make particularized findings as to the scope of the conspiracy and what Defendant reasonably could have foreseen, as required by U.S.S.G. § 1B1.3, and that appellate counsel was ineffective for failing to raise the issue on appeal. *Id*.

## Standard of Review

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Further, disposition of a claim of error on direct appeal precludes further review in a subsequent collateral proceeding. *See, e.g., Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Because Defendant's claims raise the issue of counsel's effectiveness, a brief review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466

U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).  To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.

In assessing appellate counsel's performance, "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue."  *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).  Rather, "effective advocates 'winnow out' weaker arguments even though the weaker arguments may be meritorious."  *Id*. at 1131.  When appellate counsel reviews the entire record, thinks about various claims, and then chooses to pursue only certain issues on appeal, counsel has not rendered ineffective assistance.  *Id*.  Although a non-appealed issue might have been successful if it had been raised, appellate advocacy must be "judged in its entirety."  *Id*.  To determine prejudice in the context of appellate counsel's effectiveness, the Court must review the merits of the neglected claim or claims.  *Heath*, 941 F.2d at 1132.  Failure to raise a claim will not be found prejudicial unless the claim would have a reasonable probability of success on appeal.  *Id*.

**Discussion**

*Claim I: Ineffective assistance regarding firearm charge*

At the close of the Government's case in chief, defense counsel moved for a judgment of acquittal on the basis that the Government had not established a nexus between the firearms seized at Defendant's residence and the drug trafficking conspiracy.  The Court denied the motion, noting that Rains had testified that Defendant carried the Kel-Tec firearm in his briefcase while he was carrying cocaine. Doc. 189 at 136. In charging the jury, the Court instructed that:

> [Y]ou will note that the indictment charges that the offense was committed on or about a certain date. Now the government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date which is reasonably near that date alleged in the indictment.

Doc. 238 at 43.

Defendant contends that his trial counsel performed deficiently by not requesting an instruction that Count II was limited to whether Defendant possessed eleven firearms *on* August 29, 2006.  As the Government argues in opposition, there was no basis under the governing law for counsel to request such an instruction. "When the government charges that an offense occurred 'on or about' a certain date, the defendant is on notice that the charge is not limited to the specific date or dates set out in the indictment." *U.S. v. Reed* 887 F.2d 1398, 1403 (11th Cir. 1989); (citing *United States v. Creamer*, 721 F.2d 342 (11th Cir.1983)).  "Proof of a date reasonably near the specified date is sufficient." *Id*. (citing *United States v. Champion*, 813 F.2d 1154 (11th Cir.1987); *United States v. Grapp*, 653 F.2d 189, 195 (5th Cir. Unit A, 1981)).

"Ordinarily, a variance between the date alleged and the date proved will not trigger reversal as long as the date proved falls within the statute of limitations and before the return of the indictment." *Id*. (citing *United States v. Harrell*, 737 F.2d 971, 981 (11th Cir.1984)).

Rains testified that she was Defendant's only source of cocaine for the duration of their drug trafficking activity. The Kel-Tec pistol that was found in Defendant's fanny pack on August 29, 2006, was the same gun, according to Rains, that Defendant carried in his briefcase at the same time that he carried cocaine on his person. Doc. 189 at at 118-19. Defendant testified that he sold cocaine from mid-April 2005, through the date of his arrest in August 2006, and that he last sold cocaine on August 21, 2006. Doc. 189 at 144-45. The evidence plainly was sufficient for the jury to find that Defendant possessed a firearm in furtherance of a drug trafficking crime "on or about August 29, 2006." On this record and in view of the governing law, it was not unreasonable for counsel not to request a limiting or unanimity instruction requiring a finding that Defendant possessed all eleven firearms on August 29, but such a request plainly would have been rejected. It likewise was not unreasonable for appellate counsel to focus the appeal on more meritorious claims. Defendant has not shown that trial or appellate counsel's performance was deficient in this regard, nor has he shown that he was prejudiced as a consequence of counsels' performance.

***Claim 2: Ineffective assistance regarding U.S.S.G. § 1B1.3***

Defendant contends that his trial counsel rendered ineffective assistance by failing to object to the sentence on the grounds that the Court did not make

particularized findings as to the scope of the conspiracy and whether Defendant reasonably could have foreseen the amount of cocaine distributed in the conspiracy. He also contends that his appellate counsel was ineffective for failing to raise this issue on appeal.

The PSR determined that Defendant was responsible for 15 kilograms of cocaine, based on Baez's testimony that he supplied Rains and Defendant with at least 15 kilograms of powder cocaine during the last two years of the conspiracy. The PSR also recounts that the investigation of the conspiracy showed that Baez supplied Rains and Hilgendorf with 4 to 6 ounces of cocaine every two weeks since the 1990's. PSR ¶ 21-23. As the Government points out, the record reflects that Mr. Miller did contest the probation officer's assessment that Defendant was responsible for 15 kilograms or more of cocaine. Counsel argued that Rains' ledgers reflected that she also sold cocaine to Gary Rains, who was not charged as a co-conspirator, and that some of the 15 kilograms attributed to Defendant may have gone to Gary Rains. Doc. 239 at 9-10 (sentencing transcript). The Court overruled the objection, concluding that the evidence supported a finding that Defendant was fully aware of the scope of the conspiracy, and supported a finding that Defendant was responsible for 15 kilograms. *Id*. at 14-15.

The advisory sentencing guidelines provided that a "defendant is accountable for all quantities of [drugs] with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of [drugs] that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 comment n. 2. The district court generally must make individualized findings

concerning the scope of criminal activity undertaken by a defendant before determining the drug quantities reasonably foreseeable in connection with that level of activity. *United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993).

The record reflects that trial counsel objected to the drug quantity attributed to the Defendant in the PSR, and that in overruling the objection the Court made a finding that Defendant individually was "fully aware" of the scope of the conspiracy. This finding is supported in the evidence cited in the PSR. PSR ¶ 21-23. Moreover, Defendant told a CI during a recorded drug buy that he was acquiring cocaine in quantities from an ounce to a pound to a kilo, and that he also bought "bricks" of two and a half pounds of cocaine. Doc. 189 at 68. Given that the evidence cited in the PSR showed that Baez supplied Rains and Adams with at least 15 kilograms of cocaine in the last two years of the conspiracy, there is no merit to Defendant's claim that the Court erred by not specifically stating that 15 kilograms was "reasonably foreseeable" to Defendant. On this record, it is clear that it was not unreasonable for counsel not to interpose an objection on that ground, because such an objection would have been overruled. It likewise was not unreasonable for appellate counsel to focus the appeal on more meritorious claims. Defendant not shown that trial or appellate counsel's performance was deficient in this regard, nor has he shown that he was prejudiced as a consequence of counsels' performance.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 440, be **DENIED**, and that a COA be **DENIED.**

**IN CHAMBERS** this 27th day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:06-cr-35-MP-GRJ*